Matter of CFA Holdings EH LLC v New York State Liq. Auth. (2023 NY Slip Op 00370)

Matter of CFA Holdings EH LLC v New York State Liq. Auth.

2023 NY Slip Op 00370

Decided on January 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 26, 2023

Before: Friedman, J.P., Moulton, Kennedy, Pitt-Burke, JJ. 

Index No. 154224/22 Appeal No. 17193 Case No. 2022-02486 

[*1]In the Matter of CFA Holdings EH LLC, et al., Petitioners,
v
New York State Liquor Authority, Respondent.

Carlos M. Carvajal, New York, for petitioner.
Michael Ammirato, State Liquor Authority, New York (Lawrence Schwartz of counsel), for respondent.

Determination of respondent New York State Liquor Authority (SLA), dated April 30, 2022, which sustained 21 charges against petitioner and imposed a $50,000 fine and limitations on petitioner's services and hours, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [William Perry, J.], entered June 16, 2022), dismissed, without costs.
Substantial evidence supports respondent's determination that petitioner, a limited liability company licensed by respondent to sell liquor, wine, and beer at an establishment in East Hampton, committed the charged violations of the Alcoholic Beverage Control Law and SLA rules, including testimony from an SLA investigator and two East Hampton Town Police officers, as well as documentary evidence. Petitioner's argument that respondent failed to adequately consider the conflicting testimony of petitioner's principal merely challenges the Administrative Law Judge's (ALJ) credibility determinations, to which "deference must be given" under substantial evidence review (Matter of Nelke v Department of Motor Vehs. of the State of N.Y., 79 AD3d 433, 434 [1st Dept 2010]). Petitioner also raises no basis on which to disturb the ALJ's finding that petitioner's allegations of bias and collusion between respondent and the East Hampton Town Police are unfounded and not credible. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2023